HENRY C. HOFFMAN et al.

*v.*

PRESTON B. MANN.

An appeal does not lie to the Supreme Court from an *ex parte* order, made at chambers by a Judge of the District Court.

An appeal can only be taken to the Supreme Court from *another* court.

This action was commenced in the District Court for Goodhue county. An appeal is taken to this Court, from an order of the Judge, at chambers, granting a preliminary injunction upon an *ex parte* application of plaintiff's, upon their duly verified complaint.

PHELPS & TABER, for appellant.

Is this an appealable order? Appellant affirms that it is, for the following reasons:

1. Such is the literal reading and rendering of the words of the statute. Its language is, " 2d. From an order * * * which *grants, refuses* or *dissolves* an injunction;" (Sess. Laws 1861, p. 133.) This is certainly unambiguous language. Injunctions are always granted, and never issued, by clerks of court, without order granting the same; from such an order this appeal is taken.

2. The several paragraphs of Chap. 22, Sess. Laws 1861, p. 133, are independent, and separately classify allowable appeals to the Supreme Court, and must be so construed.

3. In expounding remedial statutes, courts will extend the *remedy*, so far as the words will admit upon a liberal construc-

tion. 7 Ohio, 247 ; 2 New Jersey, 623 ; 1 Barb. 65 ; 3 Mass. 254₃; 4 Mass. 439 ; 19 Conn. 597. This is a *remedial* statute.

4. As a fact, and in practice, preliminary injunctions are granted in almost every case ; I might say always by the judge, or competent officer at chambers (not in court.) This fact, it is presumable, was known to the Legislature. A construction of the law, so as to defeat the appeal, would prevent appeals in such cases altogether ; would practically nullify the remedial statute, and make it of no effect. The Legislative will must be obeyed by the court. 2 Cranch (U. S.) 358; 2 Peters (U. S.) 662; 1 Pickering, 45 and 250.

5. If orders granting injunctions are not appealable, except after reviewal by the court, and, on motion to dissolve, the words " which grants " are surplusage. But the stronger reason is seen in case an injunction is *refused*. There is no appeal from the judge as a judge, to the judge as a court, and none under the Constitution to this Court, and hence the law in this regard is meaningless. Every law must be so construed as to give it some effect. 6 Hill, 616 ; 1 Pickering, 105.

6. The construction, we claim, does ample justice to all parties.

7. The appeal, in this case, may be unusual in practice, perhaps wrong in principle, yet if the law allows it, the fault lies with the Legislature. We claim that the law, interpreted by the plain meaning of its very language, is just and right, and, in view thereof, we may safely submit to this innovation upon the practice.

8. The case of *Kay v. Vischus & Coulter*, 9 Minn. 270, was an appeal from an order of a judge as a judge, (not the court,) and was entertained and reviewed.

9. It is urged that in granting injunctions, judges are loose, and grant them to every comer. If so, it is time that this extraordinary power should be jealously watched, and this

simple statement gives the most eloquent argument in favor of giving full efficiency to this remedial statute.

W. T. COLVILLE, for respondent.

1. This order granting this injunction, is not appealable, having been granted by the judge at chambers. Before an appeal to this court can be had, a motion to dissolve the injunction must be made in the *court* below, and denied. The court might have reviewed the action of the judge upon affidavits, or simply upon the argument of counsel, and thus render an appeal to this court unnecessary.

*By the Court*—WILSON, CH. J.—The plaintiffs, on their duly verified complaint, applied, *ex parte*, to the the Judge of the First Judicial District, at chambers, for a preliminary injunction, which was allowed, and from the order of allowance the defendants appeal to this court.

The question meets us *in limine*, whether the appeal is authorized by our law, and we think it is clear that it is not. Sec. 11, of Chap. 71, Comp. Stat., (as amended by laws of 1861,) which is relied upon as allowing an appeal in such cases, we think refers to and authorizes appeals only from the judgment or order *of a court*. The provision of that section, that " an appeal may be taken to the Supreme Court, or brought there from *another court*, applies to and qualifies each subdivision of the section.

Appeal dismissed.